UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LAUREN MCFALLS, individually, and on behalf of all others similarly situated and the Proposed Rule 23 Class,<br><br>    Plaintiff,<br><br>  v.<br><br>NCH HEALTHCARE SYSTEM, INC., and NAPLES COMMUNITY HOSPITAL, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 2:23-cv-572 |

**DEFENDANTS' PARTIAL MOTION TO DISMISS**
**COUNTS III AND IV OF PLAINTIFF'S COMPLAINT**

Defendants NCH Healthcare System Inc., and Naples Community Hospital, Inc. (collectively "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6), move for entry of an order dismissing Counts III and IV of Plaintiff's Complaint and, in support of their Motion, provide the following Memorandum of Law.

**MEMORANDUM OF LAW**

**I.   INTRODUCTION**

Plaintiff's Complaint alleges that Defendants violated the Fair Labor Standards Act of 1938 ("FLSA"), the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.204 ("FDUPTA"), and the Florida statutes governing unlawful restraints on trade, Fla. Stat. §542.18 and §542.335, based on a contract that Plaintiff voluntarily entered into with Defendants which requires Plaintiff to repay Defendants for training

that Defendants provided Plaintiff if Plaintiff voluntarily resigned her employment within two years after the completion of the training.

Defendants seek to dismiss Counts III and IV of the Complaint because those counts do not state a claim for which relief can be granted. Count III is brought under FDUPTA and cannot survive because the fellowship program for which Plaintiff voluntarily entered which formed the basis of the allegations in that count does not involve trade or commerce and Plaintiff has failed to plead any representation or omission made by Defendants that could trigger a FDUPTA claim. Plaintiff's alleged subjective dissatisfaction with the value that she received from the program cannot form the basis for a FDUPTA claim. Further, the relationship between the parties – an employer/employee contract voluntarily entered into by Plaintiff which is only offered to nurses that are already employed with Defendants – is outside the scope of what FDUPTA was enacted to protect.

Likewise, Count IV fails because the contract that the Parties voluntarily entered into is not a restrictive covenant. Nothing about the contract restricts Plaintiff from working anywhere at any time. In fact, under the terms of the agreement, she could work at a direct competitor of Defendants located across the street the day after she signed the contract and Defendants would have no recourse to prohibit her from doing so. Because the contract does not constitute a restriction on trade, Fla. Stat. § 542.18 and § 542.335 are inapplicable and Plaintiff's claim must fail.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiffs claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual mater, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. At 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not

prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III.  ARGUMENT

#### A.  Plaintiff fails to state a viable claim under FDUPTA.

Plaintiff has failed, as a matter of law, to plead sufficient facts to state a cause of action under Florida's Unfair and Deceptive Trade Practices Act (Count III). To state a claim under FDUPTA, a plaintiff must allege "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006).

##### 1.  Plaintiff's Complaint fails to plead a deceptive act or unfair practice or any allegations of actual damages.

Plaintiff failed to allege any fact that could constitute a deceptive act or unfair practice as that term is defined under FDUPTA. The "deceptive act or unfair practice" element of a FDUPTA claim can be alleged in two ways: (1) by asserting a violation of "any rules promulgated pursuant to the Federal Trade Commission Act" or "any law, statute, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices," Fla. Stat. § 501.203(3)(a), (c); or (2) by alleging that "there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Blair v. Wachovia Mortg. Corp.*, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012).

Plaintiff's Complaint contains no allegations regarding the violation of a law governing unfair methods of competition and the like nor any rule promulgated pursuant to the FTCA. Thus, she must rely upon a representation, omission, or practice that is likely to mislead consumers acting reasonably in the circumstances. But the Complaint is devoid of any such representation, omission, or practice on the part of Defendants that would mislead consumers. To the contrary, Plaintiff pleads that after she was hired by Defendants, she voluntarily[1] elected to participate in the fellowship program after receiving strong suggestions by other employees of Defendants and confirmed that she was aware of the cost of the program at the time she signed the agreement (as it is expressly contained in the agreement). ECF No. 1, p. 11-12; ECF No. 1-2. Notably, per the allegations in the Complaint, a group of individuals that Plaintiff claims are similarly situated to her recommended the allegedly "deceptive" program to Plaintiff, seemingly vouching for the legitimacy of the program. Clearly, those individuals did not feel deceived.

There is simply no representation, omission, or practice identified in the Complaint that was directed at the public and could be relied upon detrimentally by consumers in general. *See Hucke v. Kubra Data Transfer Ltd., Corp.*, 160 F. Supp. 3d 1320, 1328 (S.D. Fla. 2015) ("A deceptive act or practice is one that is likely to mislead consumers and an unfair practice is one that offends established public policy and one

---

[1] Among other allegations providing the voluntary nature of the program, Plaintiff pleads that only 49 of 331 nurses that Defendants hired in 2019 participated in the fellowship program. ECF No. 1, ¶ 46.

that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."). Rather than identify a representation, omission, or practice on the part of Defendants that allegedly caused her harm, Plaintiff asserts the claim based on her belief that the training provided was not worth the $5,000 amount that she was charged after violating the contract that she voluntarily entered into. *Id.* at ¶ 136-142. Plaintiff's subjective valuation does not impute deception onto Defendants nor does it constitute Defendants' participation in an unfair act. This is because FDUPTA does not permit recovery for a plaintiff's belief that a product is of inferior quality compared with her expectations or the price she paid. *Pop v. Lulifama.com LLC*, 2023 WL 4661977, at *5 (M.D. Fla. July 20, 2023).

For similar reasons, Plaintiff's Complaint also fails to provide sufficient factual allegations to establish the third prong of a FDUPTA claim – actual damages. Actual damages "are measured according to the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Marrache v. Bacardi U.S.A., Inc.*, 17 F. 4th 1084, 1098 (11th Cir. 2021). FDUPTA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment. *Id.* But this is Plaintiff's sole claim plead in her Complaint – that she believed the value of the training was less than the amount she was contractually obligated to reimburse Defendants if she voluntarily resigned within the relevant two-year period. Put plainly, subjective dissatisfaction does not constitute actual damages under FDUPTA. *Id.*; *see also Clear Marine Ventures*

*Ltd. v. Brunswick Corp.*, 2010 WL 528477, at *5 (S.D. Fla. Feb. 11, 2010) (dismissing FDUPTA claim, where purchaser of a boat claimed it was "aesthetically unpleasing" and, thus, "entirely unsellable," for failing to allege that the "aesthetic changes . . . affected the value beyond mere speculation.").

Because Plaintiff's Complaint fails to identify a deceptive act or unfair practice engaged in by Defendants and fails to plead any actual damages, Plaintiff failed to plead a claim that is facially plausible. Thus, Count III must be dismissed.

> **2. The acts at issue in this case are not based in commerce and FDUPTA was not intended to apply to the contractual relationships between employer and employee.**

FDUPTA was enacted by the Florida Legislature to "protect the consuming public and legitimate business enterprises from those who engage in unfair acts or practices in the conduct of any trade or commerce." *Id*. citing Fla. Stat. §501.202(2); *see also Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc.,* 693 So.2d 602, 605-06 (Fla. 2d DCA 1997) (discussing the purpose of FDUTPA in light of its legislative history). While a FDUPTA plaintiff need not be a consumer to have standing, the deceptive act or unfair practice that forms the basis for the underlying claim must still be directed at consumers. *See Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 169 (Fla. 4th DCA 2015); *see also Millennium Commc'ns & Fulfillment, Inc. v. Office of the Att'y Gen., Dep't of Legal Affs., State of Fla.*, 761 So. 2d 1256, 1260 (Fla. 3d DCA 2000) (observing that FDUTPA was enacted "to protect *consumers* against commercial wrongdoing" (emphasis added)).

To properly allege a FDUPTA claim, the unfair or deceptive acts or practices must be "in the conduct of any trade or commerce." Fla. Stat. §501.203(8). "Trade or commerce" is defined as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any … thing of value." *Id.*; *see also Kelly v. Palmer, Reifler, & Associates, P.A.*, 681 F. Supp. 2d 1356, 1374 (S.D. Fla. 2010). Historically, FDUPTA has been applied by the courts in cases alleging claims such as false advertising, unfair billing practices, and other deceptive business practices against the consuming public. *See e.g., Bluegreen Vacations Unlimited, Inc. v. Timeshare Lawyers P.A.*, 20-24681-CIV, 2023 WL 3198192 (S.D. Fla. May 2, 2023), *reconsideration denied*, 20-24681-CIV, 2023 WL 3435139 (S.D. Fla. May 12, 2023) (granting plaintiff injunctive relief under FDUPTA for defendant's deceptive business model based on offering a service they do not actually provide); *Coleman v. CubeSmart*, 328 F. Supp. 3d 1349 (S.D. Fla. 2018) (where a defendant chose the descriptive terms and they do not accurately describe what is being charged and collected, such conduct is actionable under FDUPTA); *State Farm Mut. Auto. Ins. Co. v. First Care Sol.*, Inc., 232 F. Supp. 3d 1257 (S.D. Fla. 2017) (Person who was not a licensed health care professional engaged in unfair and deceptive acts in violation of FDUPTA where he unlawfully operated medical clinic to obtain payments for personal injury protection benefits that insurers had statutory right to deny); *Latman v. Costa Cruise Lines*, N.V., 758 So. 2d 699 (Fla. 3d DCA 2000) (holding that where a cruise line bills passengers for port charges but keeps part of the money for itself, it is a deceptive act under FDUPTA).

The relationship at issue is not commercial in nature. Instead, it is a private contractual relationship between an employee and an employer. Plaintiff even pleads that she did not apply for the job in order to enter into the fellowship program and that she could not sign up for the fellowship program until after her hire. ECF No. 1, ¶ 66-70. This type of reimbursement contract targeted solely at Defendants' own employees (not the general public) is not the relationship for which FDUPTA was enacted and is outside the scope of the statute's applicability.

Defendants are aware of one exception where, in the employment context, four federal courts have applied FDUPTA to an employer/employee interaction. *See Switala v. Rosenstiel*, 2017 WL 7792713 (S.D. Fla. Oct. 3, 2017); *Vasquez v. Joseph Cory Holdings, LLC*, 2016 WL 11221088 (M.D. Fla. Nov. 10, 2016); *Francois v. Gulf Coast Transp., Inc.*, 2016 WL 4097108 (M.D. Fla. Aug. 2, 2016); *Seijo v. Casa Salsa, Inc.*, 2013 WL 6184969 (S.D. Fla. Nov. 25, 2013). However, those cases are distinguishable because they all involved the same conduct – the alleged intentional misclassification of the plaintiffs as independent contractors rather than employees. That is not the issue here. Instead, this case involves the repayment obligation for training received in a fellowship program offered exclusively to employed nurses of a hospital. There is no court opinion or other interpretation of FDUPTA holding that it is potentially triggered by this sort of challenge to the value of a training program offered by an employer to an employee. Permitting this claim to survive Defendants' Motion would create a new legal theory outside the scope of FDUPTA's intent.

### B. The Contract between Plaintiff and Defendants does not constitute a restrictive covenant.

Plaintiff's claim for an unlawful contract in restraint of trade (Count IV) must likewise be dismissed. In the Complaint, Plaintiff relies solely upon a refutable legal conclusion to assert that the contract between the parties is an unlawful contract in restraint of trade. Specifically, Plaintiff pleads, without any supporting facts or description of the provisions of the contract in support of her position, that the contract between the parties contains an unlawful restrictive covenant pursuant to Florida Statute § 542.335.

"Section 542.335 contains a comprehensive framework for analyzing, evaluating and enforcing restrictive covenants in Florida based on an 'unfair competition' analysis." *Rauch, Weaver, Norfleet, Kurtz & Co., Inc. v. AJP Pine Island Warehouses, Inc.*, 313 So. 3d 625, 630 (Fla. 4th DCA 2021) (citing *Henao v. Pro. Shoe Repair, Inc.*, 929 So. 2d 723 (Fla. Dist. Ct. App. 2006)). "[T]he term 'restrictive covenants' includes all contractual restrictions upon competition, such as noncompetition/nonsolicitation agreements, confidentiality agreements, exclusive dealing agreements, and all other contractual restraints of trade." *Id*.

The contract at issue does not contain a restrictive covenant of any sort. Plaintiff pleads that the contract constitutes a restraint of trade because "the clear purpose and effect of the TRAP is to limit nurse mobility and thereby restrain trade." ECF No. 1, ¶ 154. It is unclear what portion of the contract that Plaintiff is referring to in making that allegation. Nor is "clear purpose" the issue, rather, the question is does the

contract restrict Plaintiff's ability to seek employment elsewhere, prohibit her from soliciting clients or employees of her employer, or provide some other provision that fits within the scope of Section 542.335? It does not. Further, if "clear purpose" did have some impact on whether Plaintiff plead a cognizable claim, the clear purpose of the contract is to prohibit nurses from receiving costly training from Defendants and then immediately using that training to benefit another entity without Defendants reaping any of the benefit of the resources that they expended. But, importantly, under the express terms of the contract, nothing prohibits Plaintiff from doing just that – she just must repay the reasonable value of the training that she received. ECF No. 1-2.

The allegations in Plaintiff's Complaint make clear that she is attempting to place a round peg into a square hole. After concluding that the contract constitutes a restrictive covenant, Plaintiff goes on to list the factors that courts must evaluate to determine whether a restrictive covenant is reasonable pursuant to Florida law: "time, area, and line of business." ECF No. 1, ¶ 155; *see also Freedom Med., Inc. v. Sewpersaud*, 469 F. Supp. 3d 1269, 1276 (M.D. Fla. 2020) (Under Florida law, restrictive covenants not to compete are enforceable "so long as such contracts are reasonable in time, area, and line of business" and protect a legitimate business interest) (citing Fla. Stat, §542.335(1)). Plaintiff then alleges (again, in a conclusory fashion) that Defendants' contract is not reasonable in "time, area, and line of business." ECF No. 1, ¶ 156. It is difficult to understand how Plaintiff reached that conclusion given that there is no language in the contract that contains *any* restraints based on time, area, or line of business. ECF No. 1-2. In fact, there is no mention of Plaintiff's subsequent

employment at all. Even if the Court determines that this contract somehow constitutes a restrictive covenant, certainly the fact that it contains absolutely no restrictions on these elements should be dispositive of the issue that any such restriction is reasonable as a matter of law.

What we have here is a contract requiring repayment of training costs in the amount of $5,000 should Plaintiff resign within two years of completion of the program. It is not a restraint on trade, but simply a mechanism to provide Defendants reimbursement for expenses incurred in providing specialty training to Plaintiff who departed before Defendants recouped the benefit of that investment. In reality, Plaintiff was free to leave and seek employment elsewhere at any time during the term of the contract, and did not have to reimburse Defendant before she was able to do so. Notably, Plaintiff did not plead that she failed to obtain employment elsewhere once she voluntarily left Defendants' employ, that she was restricted from obtaining employment elsewhere, or that Defendants ever attempted to prohibit her from doing so. Lastly, unlike a restrictive covenant, in which an employer may seek an injunction to prevent a former employee from working with a competing business – under this contract, Defendants' only recourse if Plaintiff fails to live up to her end of the bargain is the pursuit of Plaintiff through formal debt collection. ECF No. 1, ¶ 63-64. Which is what Plaintiff plead happened.

This is a promissory note for repayment of a debt – not a restrictive covenant that prohibits Plaintiff from working for a competitor of Defendants within any particular geographic area, any timeframe, or any line of business. No court in Florida

has held such a contract to be a restrictive covenant under Fla. Stat. § 542.335. Thus, Plaintiff failed to provide sufficient factual support to establish her claim beyond a speculative level and the Court should dismiss Count IV.

    **C.    The Court should dismiss Counts III and IV with prejudice because any attempt to amend the Complaint would be futile.**

Federal Rule of Civil Procedure 15, calls for liberal amendment of pleadings, "[h]owever, the court need not grant leave where the amendment would be futile." *Grimes v. Florida*, 71 F. Supp. 3d 1319, 1323 (M.D. Fla. 2014) (citing Cox *v. Mills*, 465 Fed.Appx. 885, 889 (11th Cir. 2012)). "An amendment is futile where the complaint as amended would still be subject to dismissal." *Id*. Here, no amendment to Plaintiff's pleadings would create a cognizable claim because it would not change the relationship between her and Defendants, nor would it change the language of the contract between the parties. Therefore, Counts III and IV should be dismissed with prejudice because any efforts to amend are futile.

## IV.    CONCLUSION

Based on the facts and the law, Count III and IV should be dismissed, with prejudice, because those counts do not state a claim for which relief can be granted. Count III should be dismissed because Plaintiff has failed to plead any facts to show how the fellowship program Plaintiff voluntarily entered into involves trade or commerce, and Plaintiff has failed to plead any deceptive or unfair acts by Defendants that could trigger a FDUPTA claim. Further, the employer/employee relationship entered into between the parties—a voluntary contract offered only to Defendants'

nurses—is outside of the scope of what FDUPTA was enacted to protect. Similarly, Count IV should be dismissed because the contract entered into by the parties does not reflect any of the characteristics of a restrictive covenant pursuant to Fla. Stat. §542.335, nor does it prevent Plaintiff from working anywhere at any time.

WHEREFORE, for the above stated reasons, Defendants respectfully request that the Court enter an order dismissing Counts III and IV of Plaintiff's Complaint, with prejudice. Defendants further request that they be awarded the expenses incurred in preparing this motion and that the Court grant such other and further relief as is just, equitable, and proper.

Dated this 25th day of August, 2023

                Respectfully submitted,

                **FORDHARRISON LLP**

                */s/ Christopher C. Johnson*
                Christopher C. Johnson
                Florida Bar No. 105262
                cjohnson@fordharrison.com
                Tammie L. Rattray
                Florida Bar No. 128619
                trattray@fordharrison.com
                Melany Hernandez
                Florida Bar No. 1039033
                mhernandez@fordharrison.com
                401 East Jackson Street, Suite 2500
                Tampa, Florida 33602
                Telephone: (813) 261-7800
                Facsimile: (813) 261-7899

                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 25, 2023, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a copy to all counsel of record.

/s/ *Christopher C. Johnson*
Attorney