UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAUREN MCFALLS, individually, and on behalf of all others similarly situated and the Proposed Rule 23 Class,

    Plaintiff,

v.      Case No.:  2:23-cv-572-SPC-KCD

NCH HEALTHCARE SYSTEM, INC. and NAPLES COMMUNITY HOSPITAL, INC.,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss (Doc. 26), Plaintiff's Response (Doc. 31), and Defendants' Reply (Doc. 37). As it must, the Court treats the factual allegations in the Amended Complaint (Doc. 24) as true and construes them in the light most favorable to Plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). For the below reasons, the Court grants the motion in part.

Plaintiff Lauren McFalls is a nurse. She accepted a position in the emergency room at Defendants' hospital. And she signed three agreements with Defendants: (1) an offer of employment, (2) a Specialty Fellowship Program employment agreement, and (3) a sign-on bonus agreement. This suit

is about the Specialty Fellowship Program employment agreement. The agreement states that Defendants would provide Plaintiff a training program in exchange for her working in the emergency room full-time for two years. The training program was to last between sixteen and twenty weeks. During that time, Plaintiff was to work under the supervision of another nurse and take classroom courses one day each week. If Plaintiff were to leave prior to the two-year mark, however, the agreement requires Plaintiff to pay Defendants a $5,000 program fee.

Plaintiff began her training in May of 2021. During her training, Plaintiff sometimes worked without the supervision of another nurse. She already had experience working in emergency room departments. In July of 2021, Plaintiff's supervisor requested that she exit the training program. Going forward, Plaintiff worked in the emergency room without supervision and no longer attended the weekly classroom courses. But in April of 2022, less than halfway to the two-year mark, Plaintiff quit. So Defendants sought to enforce their agreements with Plaintiff. They deducted money from her final paycheck to offset her debt. And they sent her a letter demanding she repay the balance of her debt within 30 days. A debt collector has since contacted Plaintiff.

Plaintiff brings a putative class action challenging the Specialty Fellowship Program employment agreement and the accompanying debt on

several grounds. She alleges the $5,000 program fee violates the Fair Labor Standards Act (FLSA) and Florida Minimum Wage Act (FMWA) because Defendants did not pay her wages free and clear without kickbacks. She alleges Defendants violated the Florida Deceptive and Unfair Trade Practices Act (FDUPTA) because they made misrepresentations about the training program and program fee. And she alleges the program fee is an unlawful restraint of trade. Defendants move to dismiss.

The Court starts with the wage claims. In Counts I and II, Plaintiff alleges Defendants violated the FLSA. She alleges that the $5,000 program fee is an illegal kickback of wages that brought her pay below the minimum wage. She also alleges that Defendants failed to pay her wages free and clear. According to Plaintiff, Defendants paid her wages only on the condition that she not leave before the two-year mark and incur the program fee.

Defendants argue that Plaintiff fails to state an FLSA claim. But they did not argue this in their prior motions to dismiss even though the argument was available to them. So they cannot assert that argument now. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). Defendants may nonetheless assert this argument at another stage. *See* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised:

3

(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial.").

Defendants did not waive their challenges to all of Plaintiff's wage claims, however. In Counts III and IV, Plaintiff alleges that Defendants violated the FMWA. As Plaintiff did not bring these claims in her original complaint, Defendants could not have asserted their FMWA defenses earlier. Specifically, Defendants argue that Plaintiff failed to comply with the FMWA's pre-suit notice requirement. Florida Statute § 448.110 provides that, "prior to bringing any claim for unpaid minimum wages pursuant to [the FMWA], the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action." That notice must "identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." Fla. Stat. § 448.110(6)(a). The notice gives the employer fifteen days to pay the unpaid wages before being sued. *See* Fla. Stat. § 448.110(6)(b).

Here, Plaintiff alleged in her complaint that she complied with § 448.110's notice requirement. But she also attaches her notice in response to Defendants' motion to dismiss. (Doc. 31-1). Defendant replies that the attached notice is insufficient. Ordinarily, the Court does not consider matters outside the four corners of the complaint at this stage. The Court will

nonetheless consider the notice in this instance because Plaintiff referenced it in the complaint, relied on it to allege a condition precedent to suit, and filed it on the record. Further, Defendants do not challenge the authenticity of the notice, they argue only that (1) they did not receive the notice and (2) the notice is insufficient on its face.

The Court agrees that the notice is insufficient. The pre-suit notice must provide the employer with the "total amount of alleged unpaid wages" so that the employer can cure their FMWA violation before suit. Plaintiff's pre-suit notice does not provide Defendants with a "total amount" of unpaid wages, representing the deficit between her income and the minimum wage. Moreover, Plaintiff's pre-suit notice seeks liquidated damages. This is improper. *See Johnson v. Nobu Assocs. S. Beach, LP*, No. 10-21691-CIV, 2011 WL 780028, at *4 (S.D. Fla. Feb. 4, 2011), *report and recommendation adopted*, 2011 WL 772874 (Feb. 28, 2011) (dismissing an FMWA claim because the pre-suit notice included a demand for liquidated damages and attorney's fees). So the Court dismisses Counts III and IV for failure to comply with the pre-suit notice requirement.

Next, the FDUPTA claim. In Count V, Plaintiff alleges the Defendants engaged in deceptive, unconscionable, and unfair acts under Florida Statute § 501.204 by stating their training program is worth an inflated $5,000 and using the program fee as a penalty to restrict Plaintiff's ability to terminate

5

her employment. To state a FDUPTA claim, Plaintiff must allege "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1097 (11th Cir. 2021) (citation omitted).

Defendants argue Plaintiff fails to state a FDUPTA claim for two reasons. First, Defendants argue that Plaintiff did not experience a deceptive or unfair practice or actual damages because her claim relies only on her subjective valuation of the training program. It is true that FDUPTA "does not provide for the recovery of . . . compensation for subjective feelings of disappointment." *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. Dist. Ct. App. 2008) (citation omitted). But Plaintiff's claim is not limited to her disappointment with the subjective quality of the training program. She alleges that the training program was advertised to last between sixteen and twenty weeks, but that her supervisor requested that she exit the program well before the sixteen-week mark. (Doc. 24 ¶¶ 91-97). She alleges that she received no specialized training, despite Defendants advertisement that the program helps nurses transition to a specialty practice area. And she alleges that other hospitals provide similar training to nurses as a matter of course, without any training program fee. These allegations are sufficient at this stage.

Second, Defendants argue that Plaintiff cannot bring her FDUPTA claim because her claim is based on her relationship with Defendants as an employee rather than a consumer. But FDUPTA actions are no longer limited to consumers. *See Ounjian v. Globoforce, Inc.*, No. 22-12590, 2023 WL 8588699, at *4 (11th Cir. Dec. 12, 2023). Similarly, Defendants argue that the alleged wrongdoing does not involve "trade or commerce" per FDUPTA. *See* Fla. Stat. § 501.204. But "trade or commerce" is broadly defined as "*the advertising, soliciting*, providing, *offering*, or distributing, whether by sale, rental, or otherwise, *of any* good or *service*, or any property, whether tangible or intangible, or any other article, commodity, *or thing of value*, wherever situated." Fla. Stat. § 501.203(8) (emphasis added). Here, Plaintiff alleges that Defendants advertise the training program on their website. There Defendants represent that they "help transition nurses from medical/surgical practice to a specialty practice area" through a "blended learning model comprised of on-line learning classroom didactic, skills validation and clinical practice with an experienced preceptor." (Doc. 24 ¶ 162). They invite website goers to "START YOUR NURSING CAREER TODAY." (*Id.*). Plaintiff sufficiently alleges trade or commerce by discussing Defendants' *advertisement* of their training program, a *service* or other *thing of value*, on their website.

Finally, the claim that the agreement is a restraint on trade. In Count VI, Plaintiff alleges the training program fee's purpose is to limit nurse

7

mobility and is therefore an illegal restraint on trade. Florida Statute § 542.18 provides that "[e]very contract, combination, or conspiracy in restraint of trade or commerce in this state is unlawful." The stated purpose of this provision is "to foster effective competition." Fla. Stat. § 542.16. But the provision does not nullify all contracts restraining trade—"enforcement of contracts that restrict or prohibit competition during or after the term of restrictive covenants, so long as such contracts are reasonable in time, area, and line of business, is not prohibited." Fla. Stat. § 542.335.

Defendants argue this statute is inapplicable here. The Court agrees. While Plaintiff claims that the training program fee agreement is a restraint on trade, the Court is not convinced that it is the type of agreement envisioned by § 542.18. The surrounding provisions show that the Florida legislature's use of the term "restraint on trade or commerce" was a reference to contracts that "restrict or prohibit competition." The parties' agreement here does not restrict competition. Plaintiff is free to work elsewhere without limitation. So the statute is inapplicable. *See U.S. Sur. Co. v. Glob. Egg Corp.*, No. 8:12-CV-2574-T-33EAJ, 2013 WL 247433, at *3 (M.D. Fla. Jan. 2, 2013), *report and recommendation adopted*, 2013 WL 247184 (Jan. 23, 2013) (finding an agreement is not a restrictive covenant under § 542.335 if it does not restrict or prohibit competition).

Plaintiff provides only one opinion applying § 542.18 to an agreement to repay training costs. But that opinion provides little analysis. *See Matthews v. City of Gulfport*, 72 F. Supp. 2d 1328, 1341 (M.D. Fla. 1999) (finding a reimbursement clause reasonable under § 542.335 with little discussion). The lack of analysis should not be surprising. It is unclear how a court could properly conduct § 542.335 analysis to an agreement like the one at issue here. It has no geographical scope, no postterm duration. And Plaintiff's argument that the agreement's restrictions are simply unlimited because they do not contain such terms misses the mark. The parties' agreement may be restrictive. It may be extremely restrictive in the eyes of Plaintiff. But it does not restrict *competition* and so is not an unlawful restraint on trade.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. 26) is **GRANTED IN PART.**

1. **Counts III and IV** of the Amended Complaint (Doc. 24) are **DISMISSED without prejudice.**

2. **Count VI** of the Amended Complaint (Doc. 24) is **DISMISSED with prejudice**.

3. Plaintiff's Motion for Oral Argument (Doc. 39) is **DENIED AS MOOT**.

4. On or before January 24, 2024, Defendants must answer the remainder of the amended complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on January 10, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

10