UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAUREN MCFALLS, individually, and on behalf of all others similarly situated and the Proposed Rule 23 Class,

    Plaintiff,

v.                                                 Case No.:  2:23-cv-572-SPC-KCD

NCH HEALTHCARE SYSTEM, INC. and NAPLES COMMUNITY HOSPITAL, INC.,

    Defendants.
_____/

**<u>ORDER</u>**

The parties have submitted a revised notice and consent form to send to prospective members of this collective action brought under the Fair Labor Standards Act. Having reviewed the revised notice, the Court finds it is still not ready for distribution.

"When permitting a party to send a notice concerning a collective action, a trial court has a substantial interest in communications that are mailed for single actions involving multiple parties." *Holmes v. Swissport Fueling, Inc.*, No. 216CV669FTM38MRM, 2017 WL 6520737, at *2 (M.D. Fla. Dec. 5, 2017). "A district court has discretionary authority over the form of notice provided in FLSA collective actions, but must take care to avoid the appearance of judicial

endorsement." *Miller v. FleetCor Techs. Operating Co., LLC.*, No. 1:13-CV-02403-SCJ, 2014 WL 12543337, at *3 (N.D. Ga. Apr. 8, 2014). "A Consent Notice for a 29 U.S.C. § 216 collective action must be informative, neutral, and make clear that prospective plaintiffs are free to select their own counsel and that they will be bound by the judgment should they sign the consent form." *Tafarella v. Hollywood Greyhound Track, Inc.*, No. 07-60017-CIV, 2007 WL 2254553, at *4 (S.D. Fla. Aug. 1, 2007).

The original notice suggested potential members had to hire McFalls' attorneys. (Doc. 53-5 at 3.) But that's not how this works. Potential members may hire counsel of their choice. *Hubbard v. Jerry's Seamless Guttering, Inc.*, No. 19-CIV-81705-RAR, 2020 WL 6038110, at *3 (S.D. Fla. Oct. 6, 2020); *Dean v. W. Aviation, LLC*, No. 17-CV-62282, 2018 WL 1083497, at *3 (S.D. Fla. Feb. 28, 2018). Thus, the Court directed the parties to revise the notice to "include language informing all recipients that they have the right to consult with and retain their preferred counsel." (Doc. 64 at 11.)

The revised notice begrudgingly followed this directive. (Doc. 67-1 at 3.) Buried beneath two paragraphs that spotlight Plaintiffs' counsel and their fee agreement is an offhand reference to potential members' right to hire counsel of their choice. (*Id*.) Even worse, the revised notice creates a false dichotomy between the "no cost to you" contingency fee agreement Plaintiffs' counsel is using, and the potential out-of-pocket expenses potential members will incur if

2

they hire someone else. (*See Id.*) As a result, Section 4 reads like an advertisement for Plaintiffs' counsel and fails to advise potential members of their right to hire counsel of their choice. It must be amended to actually inform potential members of their rights.

But this alone will not fix the problem. At the start, the notice represents itself as Court-authorized and tells potential members it is *not a solicitation* from an attorney. (Doc. 67-1 at 2-3.) The Court fails to see how those representations square with the second paragraph in Section 4, which focuses on Plaintiffs' counsel and their fee agreement. (*See id.* at 3 ("If you choose to be represented by Plaintiff's counsel, you will not have to pay Plaintiff's counsel out of your own pocket. . . Again, there is no out-of-pocket cost to you to join this lawsuit if you choose to be represented by Plaintiff's counsel.")). That portion of the notice may lead potential members to mistake the Court's approval of the notice for endorsement of Plaintiffs' counsel and their fee agreement, particularly because the notice represents itself as something other than a solicitation. This is inappropriate.

Courts reviewing notices must "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action." *Abelson v. Sarasota Cnty., Fla.*, No. 8:19-CV-3092-T-33SPF, 2020 WL 3971830, at *2 (M.D. Fla. July 14, 2020). This instruction would also appear to caution against language suggesting

3

potential members hire a particular attorney or sign a particular fee agreement. *See Dean*, 2018 WL 1083497, at *3 (rejecting the inclusion of a link to counsel's website because its inclusion would "give the appearance of a judicial endorsement of the content on that website."). Because the paragraph detailing the contingency fee agreement could lead a potential member to conclude the Court has endorsed Plaintiffs' counsel and their fee agreement, it must be removed.

**Therefore, the parties must submit a second revised notice and consent form consistent with this Order by April 8, 2024**. Section 4 must be amended to say:

> If you choose to join this lawsuit, you have the right to consult and retain an attorney of your choice. This includes the attorneys representing the named plaintiff, Lauren McFalls: Nichols Kaster, PLLP, Towards Justice, and Varnell & Warwick, P.A. If you choose to be represented by Nichols Kaster, PLLP, Towards Justice, and Varnell & Warwick, P.A., the details will be fully outlined in a separate fee agreement. You may also represent yourself *pro se*.
>
> If you join the lawsuit, you may be required to participate in the discovery process, which may require answering written questions, producing documents related to your claims, and testifying in a deposition or at trial.
>
> Once you participate, you will be bound by any ruling or judgment by the Court. If the Court enters judgment in NCH's favor and rules that NCH can recover its attorneys' fees and costs, then you could be responsible for a portion of those amounts.

**ORDERED** in Fort Myers, Florida on April 2, 2024.

5

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record