UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAUREN MCFALLS, individually, and on behalf of all others similarly situated and the Proposed Rule 23 Class,

    Plaintiff,

v.                                                 Case No.:  2:23-cv-572-SPC-KCD

NCH HEALTHCARE SYSTEM, INC. and NAPLES COMMUNITY HOSPITAL, INC.,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are Plaintiff's Motion for Reconsideration and to Amend (Doc. 75), Defendants' Response (Doc. 78), and Plaintiff's Reply (Doc. 81). For the below reasons, the Court grants the motion.

This action involves a creative FLSA claim. Plaintiff is a nurse who worked at Defendants' hospital and participated in Defendants' Specialty Fellowship Program. Defendants claim that this fellowship program helps to train nurses transitioning to a specialty practice area. The fellowship program agreement provided that Plaintiff would work at the hospital for two years in exchange for her training. But the agreement imposed a $5,000 program fee if Plaintiff left early.

Plaintiff left early and sued to challenge the fellowship program fee. She asserted that the fellowship program violates the Fair Labor Standards Act (FLSA), Florida Minimum Wage Act (FMWA), Florida Deceptive and Unfair Trade Practices Act (FDUTPA), and Florida's prohibition of restraints on trade, Florida Statute § 542.18. (Doc. 24). Defendants successfully moved to dismiss the claims based on the FMWA and restraint on trade theories. (Docs. 26, 49). Defendants also argued that the Court should dismiss the FLSA claims. But, because Defendants had not asserted their FLSA arguments in an earlier motion to dismiss, the Court noted that such arguments should be renewed in a motion for judgment on the pleadings. (Doc. 49 at 3-4). Soon after, Defendants answered (Doc. 50) and moved for judgment on the pleadings (Doc. 51).

Defendants argued judgment on the pleadings is appropriate on Plaintiff's FLSA claims because, as alleged, Plaintiff had voluntarily entered the fellowship program and Defendants had not reduced her wages below the minimum wage to recover the program fee. (Doc. 51). Plaintiff disagreed whether voluntariness and actual reduction to her wages were dispositive of her FLSA kickback claim and did not seek leave to amend to address Defendants' arguments. (Doc. 55).

The Court agreed with Defendants that, based on the allegations in the amended complaint, Plaintiff had voluntarily entered the fellowship program.

2

The Court also found that, based on the amended complaint and its attachments, Defendants had reduced her wages to account for Plaintiff's sign-on bonus, not the program fee.  So, the Court granted Defendants' motion for judgment on the pleadings, dismissed the FLSA claims with prejudice, and did not sua sponte grant Plaintiff leave to amend her complaint.  Two weeks after the Court's Order, Plaintiff moved for reconsideration and for leave to amend her complaint.

A motion for reconsideration may arise under either Rule 59(e) or Rule 60(b).  Generally, three grounds support reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (citation omitted).  The availability of new evidence justifies reconsideration when "(1) the evidence was freshly discovered since the judgment was entered; (2) the moving party exercised due diligence to discover the new evidence; (3) the evidence is not simply cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were reconsidered*.*" *In re Gregory*, No. 22-12608, 2024 WL 3771044, at *4 (11th Cir. Aug. 13, 2024) (citation omitted).

Additionally, "a plaintiff may move for relief under Rule 59(e) by asking the district court to vacate its judgment based on proposed amendments."

3

*Sheffler v. Americold Realty Tr.*, No. 22-11789, 2023 WL 3918491, at *2 (11th Cir. June 9, 2023). Post-dismissal amendments are governed by the typical Rule 15 and Rule 16 standards. *Id.*

Plaintiff argues that she has new evidence to show that she did not voluntarily participate in the fellowship program and that Defendants reduced her wages to recover part of the fellowship program fee. Regarding voluntariness, Defendants admitted that any nurse hired in a specialty practice area who does not have at least one year of experience in that specialty area must participate in the fellowship program. (Doc. 75-2 at 4). A recruiter for Defendants confirmed this policy (Doc. 75-6 at 4). Defendants' recruiter also stated that if a nurse declines to enter the fellowship program after receiving a job offer, that nurse cannot enter the job. (Doc. 75-6 at 3-6). And one of Defendants' corporate designees also described the fellowship program as "mandatory training." (Doc. 75-5 at 4). Plaintiff claims that she had only a "few months" of emergency department experience before joining that specialty area at Defendants' hospital and was required to enter the program. (Doc. 75-3 at 3).

Regarding the reduction to Plaintiff's wages, another corporate designee testified that Defendants do not distinguish between sign-on bonus debt and fellowship program fee debt when attempting to collect monies owed. (Doc. 75-4 at 4).

4

Plaintiff obtained Defendants' response to her requests for admission only two weeks before the Court's Order dismissing her claims. And she obtained deposition transcripts the day before and the day after the Court's Order. Given this new evidence, Plaintiff requests that the Court reconsider its dismissal with prejudice and instead dismiss her amended complaint without prejudice and grant her leave to amend. (Doc. 75).

Defendants oppose Plaintiff's motion on essentially three grounds. First, Defendants argue that reconsideration is inappropriate because the Court did not commit clear error or cause manifest injustice. The Court agrees that the Order granting judgment on the pleadings was neither clear error nor manifest injustice. And Plaintiff does frame her argument in these terms. (Doc. 75 at 8-9). But the gravamen of Plaintiff's argument is that the availability of new evidence, not these other grounds, support reconsideration. And Plaintiff's argument that new evidence supports reconsideration is well taken, especially in light of her request to amend. Plaintiff exercised due diligence to discover this new evidence. The evidence is not cumulative or impeaching. The evidence is material in that it supports Plaintiff's allegations in her proposed amendment that Defendants required her to enter the fellowship program and

reduced her wages to pay for the fellowship program fee.[1] And the evidence would have likely produced a different outcome. If Plaintiff had this evidence in hand earlier, she could have moved to amend and resolved both grounds raised in the motion for judgment on the pleadings. At the very least, she likely would have persuaded the Court to dismiss her complaint without prejudice, rather than with prejudice.

Second, Defendants argue Plaintiff is not entitled to amend her complaint because she failed to seek amendment earlier and the Court's December 2023 deadline to amend has passed. It is true that the Court was not required to sua sponte allow amendment in its judgment on the pleadings order. Plaintiff never asked for that relief, and the law does not require the Court to read minds. *See Hagan v. Comm'r, Georgia Dep't of Corr.*, No. 22-12180, 2023 WL 5621895, at *6 (11th Cir. Aug. 31, 2023) ("[O]ur precedent is clear that a district court is not required to grant a plaintiff leave to amend her complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.") (cleaned up). But it is also true that a Plaintiff may move to amend post-dismissal, as Plaintiff has done here. *See Scheffler*, 2023 WL 3918491, at *2.

---

[1] The cited evidence is enough to support reconsideration and amendment, but the Court does not express any opinion about whether this evidence would be sufficient at the summary-judgment stage.

While the timing of Plaintiff' request to amend is not ideal, the Court does not find it problematic. This case presented a unique procedural posture. Because the Court could not address Defendants' FLSA arguments at the motion-to-dismiss stage, instead requiring Defendants to move for judgment on the pleadings, Plaintiff never got the benefit of the Court's ruling before requesting amendment. Meanwhile, Plaintiff acted diligently in obtaining the relevant discovery. She obtained the discovery months before the discovery deadline, properly proceeding through discovery while the motion for judgment on the pleadings was pending. And Plaintiff quickly moved to amend after obtaining that discovery. Given the posture of the case and Plaintiff's diligence, the Court finds good cause to allow the amendment after the Court's deadline.

Third, Defendants argue that amendment would be futile. According to Defendants, even if the reduction to Plaintiff's final paycheck went toward the fellowship program fee, they still paid her minimum wage and she cannot state a wage claim.

Plaintiff responds that the $1,375.81 pay reduction—treated as a lump sum and applied to her final work week—reduced her wages below the minimum wage. Plaintiff also argues that an employer must reimburse an employee "during the workweek in which the expense arose" and that this includes "de facto" expenses regardless of whether the employer in fact

7

deducted the expense from the employee's wages. *See Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228, 1237 (11th Cir. 2002). According to Plaintiff, the fellowship program fee arose during her final work week and that debt should be treated as a $5,000 expense offsetting her pay. At the pleading stage, Defendants have not provided a sufficient basis to reject these theories. The Court does not find amendment would be futile.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Reconsideration and to Amend the Complaint to Conform to the Evidence is **GRANTED**.

2. The Court's prior dismissal Order (Doc. 73) is **VACATED** to the extent it dismisses Counts I and II with prejudice and declines supplemental jurisdiction over the remaining state-law claims.

3. The Clerk is **DIRECTED** to reopen the case and separately docket Plaintiff's Second Amended Complaint (Doc. 75-7).

**DONE** and **ORDERED** in Fort Myers, Florida on August 30, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

8