UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAUREN MCFALLS, individually, and on behalf of all others similarly situated and the Proposed Rule 23 Class,

    Plaintiff,

v.                        Case No.: 2:23-cv-572-SPC-KCD

NCH HEALTHCARE SYSTEM, INC. and NAPLES COMMUNITY HOSPITAL, INC.,

    Defendants.
/

## ORDER

Before the Court is Plaintiff Lauren McFalls' Unopposed Motion for Leave to File a Reply in Support of Plaintiff's Motion for Class Certification. (Doc. 106.) The motion is **GRANTED**. But as discussed below, the reply brief must also address whether the proposed class is sufficiently numerous under Rule 23(a). Defendants NCH Healthcare System Inc. and Naples Community Hospital, Inc. (collectively "NCH") will also be required to file a supplemental brief addressing the issue of numerosity.

### I. Background

McFalls is a registered nurse. (Doc. 1 ¶ 65.) In May 2021, she accepted a position in NCH's Specialty Fellowship Program ("Fellowship Program"). (*Id*.

¶ 71.) In "consideration for the training" she would receive, McFalls agreed to work at NCH for two years. (*Id.* ¶ 74.) She also agreed to "pay back the [Fellowship Program] fee of $5,000" if she did not complete her two-year commitment. (Doc. 1-2 at 2.)

McFalls left NCH after eleven months. (Doc. 1 ¶ 95.) So NCH deducted $477.90 from her final paycheck and refused to pay out "35 hours of accrued paid time off in the amount of $897.91." (*Id.* ¶¶ 99-100.) NCH then forwarded the outstanding balance of the Fellowship Program fee to a debt collector. (*Id.* ¶ 101.)

McFalls brought this suit to challenge the fee. She claims NCH represented that the training was worth at least $5,000. (*See* Doc. 94 at 2.) But what she received was worthless. (*See id.* at 2-4.) She believes the fee is not reflective of the training's value but is instead meant to prevent nurses from leaving NCH's employment. (*See id.*)

McFalls believes the fee violates several statutes. (Doc. 24 ¶¶ 159-177.) Because every nurse in the Fellowship Program agrees to pay the same fee if they do not stay for at least two years, McFalls wants to certify a class action for her claims under Florida's Declaratory Judgment Act—Florida Statute § 86.011—and Florida's Deceptive and Unfair Trade Practices Act—Florida Statute § 501.204. (*Id.* ¶¶ 159-177, 198-201.) The proposed class would consist of "[a]ll nurses who are or were subject to NCH's Specialty Fellowship Program

2

Employment Agreement and the training repayment provisions therein at any point from July 31, 2019, through trial." (Doc. 94 at 1.)

## II. Discussion

When considering a motion to certify a class action, a court "must accept all allegations of the complaint as true and assume that cognizable claims are stated." *Neumont v. Florida*, 198 F.R.D. 554, 559 (S.D. Fla. Aug. 21, 2000). But it "may look beyond the pleadings . . . to determine whether the requirements of Rule 23 [of the Federal Rules of Civil Procedure] have been satisfied." *Id*.

Rule 23 governs class certification. *Doe v. Ladapo*, No. 4:23CV114-RH-MAF, 2023 WL 8271764, at *1 (N.D. Fla. Oct. 18, 2023). A class action is only appropriate when the plaintiff "satisfies all the requirements of [Rule] 23(a) and at least one of the requirements of Rule 23(b)." *Grames v. Sarasota Cnty.*, No. 8:20-CV-739-CEH-CPT, 2021 WL 778897, at *3 (M.D. Fla. Mar. 1, 2021); *Navelski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1303 (N.D. Fla. 2017). On top of the Rule 23 requirements, "[t]he plaintiffs must also demonstrate that the proposed class is adequately defined and clearly ascertainable." *Navelski*, 244 F. Supp. 3d at 1304.

Under Rule 23(a), McFalls must show "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Generally, forty prospective class members is adequate, twenty is inadequate, and anything in between is left to the court's discretion. *See Ladapo*, 2023 WL

3

8271764, at *2. Although proving numerosity is a "low hurdle," a plaintiff "must ordinarily demonstrate some evidence of the number of purported class members; mere speculation and general allegations of numerosity will not suffice." *Nazario v. Pro. Acct. Servs., Inc.*, No. 216CV772FTM99MRM, 2018 WL 1449177, at *4 (M.D. Fla. Feb. 13, 2018); *Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 694-695 (M.D. Fla. Aug. 4, 2015).

McFalls contends that "the proposed class includes at least 238 individuals based upon records produced by NCH[.]" (Doc. 94 at 10.) As best the Court can tell, this number represents every nurse who participated in the Fellowship Program after July 31, 2019 and agreed to pay the $5,000 fee unless they completed a two-year commitment. (*See id.* at 1.) NCH contends that this figure is bloated. As they tell it, many of the prospective class members do not have to pay the $5,000 fee because they have completed their two-year commitment or are currently employed. (*See* Doc. 104 at 6.) As a result, those prospective class members cannot satisfy a key element of the FDUTPA claim—damages. (*Id.*)

"Actual damages are a required element of a FDUTPA claim." *St. Francis Holdings, LLC v. Pawnee Leasing Corp.*, No. 8:20-CV-1101-T-02, 2020 WL 6287684, at *7 (M.D. Fla. Oct. 27, 2020). Prospective class members who have not experienced an actual loss cannot state a claim. *See Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1101 (11th Cir. 2021); *see also Franklin L.*

4

*Firm, P.A. v. Stacey*, No. 8:19-CV-1839-MSS-AAS, 2020 WL 10503003, at *3 (M.D. Fla. May 7, 2020). And if there are prospective members who cannot state a claim, the court may refuse to certify the class. *See Walewski v. Zenimax Media, Inc.*, 502 F. App'x 857, 861 (11th Cir. 2012); *Justice v. Rheem Mfg. Co.*, 318 F.R.D. 687, 693-694 (S.D. Fla. April 27, 2016); *C.C. & P.C. v. Sch. Bd. of Broward County*, 2014 U.S. Dist. LEXIS 134530, *24-25 (S.D. Fla. Sept. 23, 2014).

As mentioned, McFalls seeks to certify a class that includes "[a]ll nurses who are or were subject" to the Fellowship Program Fee. (Doc. 94 at 1.) As defined, the class appears overbroad—it includes members who may not have a claim under FDUTPA because they have not paid anything, nor have an outstanding debt to NCH. *See Marrache*, 17 F.4th at 1101. The Court cannot tell whether the proposed class will satisfy Rule 23 if it excludes nurses who completed their two-year commitment (and thus owe nothing) or had their fee waived. *See Franklin L. Firm, P.A.*, 2020 WL 10503003, at *3.

Accordingly, it is now **ORDERED**:

1. McFalls' Motion for Leave to File a Reply in Support of Plaintiff's Motion for Class Certification (Doc. 106) is **GRANTED**.

2. By December 4, 2024, McFalls must file a reply brief that addresses the Court's concerns about the proposed class and

whether it includes members who have not suffered cognizable damages under FDUTPA;

3. McFalls must also address the question of numerosity if the Court were to limit the class to nurses who have incurred a debt to NCH by leaving the program early and either paid the debt (or a portion of it) or remain liable to NCH for the fee.

4. Within seven days of receiving McFalls' reply brief, NCH must file a supplemental brief addressing her arguments and the Court's concerns above.

**ENTERED** in Fort Myers, Florida on November 25, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

6