UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAUREN MCFALLS, individually, and on behalf of all others similarly situated and the Proposed Rule 23 Class,

    Plaintiff,

v.

Case No.: 2:23-cv-572-SPC-KCD

NCH HEALTHCARE SYSTEM, INC. and NAPLES COMMUNITY HOSPITAL, INC.,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff's Motion to Strike Declarations NCH Submitted with its Class Certification Opposition. (Doc. 109.)[1] Defendants NCH Healthcare System, Inc. and Naples Community Hospital, Inc. (collectively "NCH") have responded in opposition. (Doc. 112.) For the reasons below, the motion is denied.

### **I. Background**

McFalls is a registered nurse. (Doc. 1 ¶ 65.) In May 2021, she accepted a position in NCH's Specialty Fellowship Program ("Fellowship Program"). (*Id.*

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

¶ 71.) In "consideration for the training" she would receive, McFalls agreed to work at NCH for two years. (*Id.* ¶ 74.) She also agreed to "pay back the [Fellowship Program] fee of $5,000" if she did not complete her two-year commitment. (Doc. 1-2 at 2.)

McFalls left NCH after eleven months. (Doc. 1 ¶ 95.) So NCH deducted $477.90 from her final paycheck and refused to pay out "35 hours of accrued paid time off in the amount of $897.91." (*Id.* ¶¶ 99-100.) NCH then forwarded the outstanding balance of the Fellowship Program fee to a debt collector. (*Id.* ¶ 101.)

McFalls brought this suit to challenge the Fellowship Program fee. She claims NCH represented that the training was worth at least $5,000. (*See* Doc. 94 at 2.) But she believes the fee does not reflect the training's value and is instead meant to prevent nurses from leaving NCH. (*See id.*) Because every nurse in the Fellowship Program agrees to pay the same fee if they do not stay for at least two years, McFalls wants to certify a class action for her claims. (Doc. 94.)

When responding to the class cert motion, NCH attached declarations of eight putative class members who attest that the value of the training was as represented and they suffered no loss. (Docs. 104, 104-2.) McFalls now moves to strike the declarations, arguing they are responsive to discovery she served in November 2023 that sought all "statements of witnesses or potential

2

witnesses or persons interviewed in connection with this lawsuit." (Doc. 109-2.) McFalls is troubled because NCH did not produce these declarations, either initially or through a supplement, and yet it relies "on [them] as the primary evidence in support of its opposition to class certification." (Doc. 109 at 3.) McFalls concludes that "NCH should not be allowed to benefit from this gamesmanship and discovery failure." (*Id.*)

In response, NCH provides a more complete picture of what happened. When NCH responded to McFalls' discovery request last year, it had not yet obtained the declarations. Rather, NCH began efforts to obtain the declarations in March 2024, finishing by mid-April. The Court then granted NCH's motion for judgment on the pleadings and the case was closed. (Doc. 73.)

McFalls moved for reconsideration and was successful. The case was thus reopened in August. (Doc. 82.) As for producing the declarations after the case was reopened through a supplement, NCH falls on the sword: "As the case reopened, given the length of the case closure and the immediate focus on the case to class certification, counsel for Defendants mistakenly forgot that the declarations gathered months prior had not already been produced." (Doc. 112 at 3.)

Since reopening, the discovery deadline has not been reset. Instead, a briefing schedule for class certification was put in place, and the Court will

3

hold a status conference this week to discuss the remaining deadlines. (Docs. 89, 90.)

## II. Discussion

The Federal Rules of Civil Procedure impose a continuing duty on the parties to supplement discovery. Under Rule 26(e)(1)(A), "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Failure to supplement can trigger sanctions. Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

As the moving party, McFalls bears the initial burden of proving that NCH failed to meet Rule 26(e)(1)(A). *See Johnson v. R.J. Reynolds Tobacco Co.*, No. 2:12-CV-618-FTM-29, 2014 WL 1930392, at *2 (M.D. Fla. May 14, 2014). NCH must then show that its noncompliance was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

4

Given the unique procedural history of this case, it is debatable whether McFalls disclosed the declarations "in a timely manner" as required by Rule 26(e). But even assuming untimeliness, the Court finds the delay harmless.

In considering whether a Rule 26 violation is harmless, five factors are typically weighed: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Gulfpoint Constr. Co., Inc. v. Westfield Ins. Co.*, No. 2:22-CV-86-SPC-NPM, 2023 WL 3304261, at *1 (M.D. Fla. May 7, 2023).

Starting with the first and second factors, even if McFalls was surprised by the declarations attached to NCH's opposition brief, this was cured because she had the opportunity to file a reply. (Doc. 107.) Still, she opted not to address the declarations in her reply nor ask for more time to take further discovery. As for the third factor, which considers disruption, allowing NCH to belatedly comply with Rule 26(e) will not interrupt these proceedings. There is plenty of time for McFalls to pursue discovery related to the declarations if she wishes. Finally, NCH offers a sufficient explanation for its failure to follow Rule 26— the passage of time given the closure and reopening and defense counsel's maternity leave. (Doc. 112 at 3.)

At bottom, NCH has established harmlessness, and striking the declarations will only inhibit addressing the merits. *See Owens v. Benton*, 190 F. App'x 762, 763 (11th Cir. 2006) ("There is a strong preference that cases be heard on the merits[.]"). Given these circumstances, McFalls' Motion to Strike (Doc. 109) is **DENIED**.

**ORDERED** in Fort Myers, Florida on December 18, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record