UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAUREN MCFALLS,
INDIVIDUALLY, AND ON
BEHALF OF ALL OTHERS
SIMILARLY SITUATED AND THE
PROPOSED RULE 23 CLASS; AND
ANTHONY MARTINEZ, OPT-IN
PLAINTIFF;

   Plaintiffs,

 v.

NCH HEALTHCARE SYSTEM,
INC., NAPLES COMMUNITY
HOSPITAL, INC.,

   Defendants,

Case No. 2:23-CV-572-SPC-KCD

## REPORT & RECOMMENDATION

Plaintiff Anthony Martinez retained Nichols Kaster, PLLP, Towards Justice, and Varnell & Warwick, P.A to represent him as a member of the collective suing Defendants under the Federal Labor Standards Act. (*See* Doc. 93, Doc. 132.)[1] But not long after he joined the collective, Martinez stopped communicating with his attorneys. (*Id.*)

After counsel moved to withdraw, the Court directed Martinez to state whether he intended to continue participating in the case and, if so, whether he would do so with the benefit of a new attorney. (Doc. 134.) His response

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

was due by May 7, 2025. (*Id.*) The Court warned Martinez that it would recommend that he be dismissed from the case if he did not respond. (*Id.*) Despite the warning, Martinez did not respond.

Ignoring the Court's order is grounds for dismissal. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

Martinez has not diligently prosecuted this case. His refusal to communicate with counsel and the Court shows a lack of interest. Thus, the Court should dismiss Martinez from the collective without prejudice and remove him as a plaintiff in this case.

**Recommended** in Fort Myers, Florida on May 13, 2025.

Kyle C. Dudek
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district

judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.