UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAUREN MCFALLS, individually
and on behalf of all others similarly
situated and the Proposed Rule 23
Class,

        Plaintiff,

v.                           Case No.:  2:23-cv-572-SPC-DNF

NCH HEALTHCARE SYSTEM,
INC., and NAPLES COMMUNITY
HOSPITAL, INC.,

        Defendants.

## OPINION AND ORDER

Before the Court is Defendants NCH Healthcare System Inc., and Naples Community Hospital, Inc.'s (jointly, "Defendants") Motion to Decertify the Collective Action.  (Doc. 137).  Plaintiff Lauren McFalls responded (Doc. 138), and Defendants replied.  (Doc. 142).  For the reasons below, the Court grants the motion.

### Background

This case involves claims under the Fair Labor Standards Act ("FLSA").[1]

*See* 29 U.S.C. § 201, *et seq.*  Plaintiff is a nurse who worked at Defendants'

_____

[1] Plaintiff also brings a claim under the Florida Deceptive and Unfair Trade Practices Act. *See* Fla. Stat. § 501.204.

hospital and participated in Defendants' Specialty Fellowship Program ("Fellowship Program"). Defendants claim the Fellowship Program helps to train nurses transitioning to a specialty practice area. All nurses participating in the Fellowship Program are required to sign an employment agreement. The agreement provides that nurses in the program work at the hospital for two years in exchange for training. The agreement further provides that if a nurse leaves before the two-year mark, a $5,000 fee ("program fee") is incurred. (Doc. 84 at 34).

After eleven months, Plaintiff stopped working for Defendants. To recoup the program fee, Defendants deducted $477.90 from her final paycheck and refused to pay out "35 hours of accrued paid time off [totaling] $897.91." (*Id.* ¶ 108). Defendants sent the outstanding balance of the program fee to a debt collector.

Plaintiff sues Defendants under the FLSA. She calls the program fee a "trap" to prevent nurses from leaving before their two-year commitment ends. (*Id.* ¶ 20). Plaintiff alleges the program fee violates the FLSA because it constitutes an illegal kickback that "takes employees' wages below the minimum wage." (*Id.* ¶ 134). She also claims an FLSA violation because the program fee denies nurses a "free and clear" minimum wage. (*Id.* ¶ 142).

In March 2024, the Court granted in part Plaintiff's Motion to Certify Class for Conditional Collective Certification. (Doc. 64). The Court ordered

conditional certification for a collective of "Individuals who (1) were employed by Defendants within the three years preceding the date notice is sent; (2) participated in Defendants' Specialty 14 Fellowship Program; and (3) were subject to the Specialty Fellowship Program Employment Agreement." (*Id.* at 13–14). The collective action has four members: Plaintiff and opt-in Plaintiffs Madison Hitchcock, Stephanie Kumetz, and Jimi Williamceau. (Doc. 138 at 17). They are all nurses who worked in the same geographic area, signed the Fellowship Agreement, and incurred the program fee. Defendants now move to decertify the collective action.

### Legal Standard

"In the Eleventh Circuit, certification of an FLSA collective action proceeds in two stages: the conditional certification or notice stage and the decertification stage." *Johnsey v. BAL TK, LLC*, No. 2:18-CV-00643-MHH, 2019 WL 3997072, at *2 (N.D. Ala. Aug. 23, 2019) (citing *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1260–61 (11th Cir. 2008)). "In the second stage, a district court makes a closer examination of the FLSA class based on a more developed factual record." *Id.* (citation omitted). "This second stage is less lenient, and the plaintiff bears a heavier burden" to demonstrate certification is proper. *Morgan*, 551 F.3d at 1261.

The key inquiry is whether the collective action is comprised of "similarly situated" employees. 29 U.S.C. § 216(b); *see also Anderson v. Cagle's,* 488 F.3d

945, 952 (11th Cir. 2007).  When deciding a decertification motion, courts consider "(1) [the] disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant[s] [that] appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations[.]" *Id.* at 953 (citation omitted).  "None of the foregoing factors are dispositive, however.  Instead, courts must consider the totality of the circumstances." *Parrilla v. Allcom Const. & Installation Servs., LLC*, No. 608-CV-1967-ORL31GJK, 2009 WL 2868432, at \*2 (M.D. Fla. Aug. 31, 2009) (citation omitted).  "The certification determination does not resolve the merits of the case, but it must be made with an eye toward the substantive claims raised." *Carrera v. UPS Supply Chain Sols., Inc.*, No. 10-60263-CV, 2012 WL 12860750, at \*7 (S.D. Fla. Sept. 14, 2012).

### Analysis

Defendants argue that the circumstances of the collective's members and defenses to their claims are too individualized to maintain certification.[2]  The Court agrees.

Plaintiffs' circumstances differ significantly.  Defendants deducted $291.66 from Hitchcock's final paycheck; she voluntarily paid the remainder

---

[2] Defendants' arguments regarding the first and second factors overlap.  Because the Court assesses "the totality of the circumstances" at this stage, the first two factors are analyzed together. *Parrilla*, 2009 WL 2868432, at \*2.

4

thereafter. (Doc. 138 at 6). Defendants credited $4,553.25 of Williamceau's unused paid time off ("PTO") toward his program fee when he quit[3]; he now owes $156.73. (Docs. 137-4 at 4, 5, 138 at 6). Kumetz voluntarily paid the program fee in full shortly after she resigned. (Docs. 137-2 at 5). As for Plaintiff, Defendants deducted $477.90 from her final paycheck, and she owes $3,624.19.[4] (Doc. 138 at 6).

These differences in circumstances matter because of the "creative" FLSA claims Plaintiff brings. (Doc. 82 at 1). Plaintiff claims Defendants violated the FLSA because the program fee constitutes an "illegal kickback" that denies Plaintiff a minimum wage. Alternatively, Plaintiff claims the fee denied her a minimum wage "free and clear" of unlawful deductions. These claims turn on whether the program fee reduces the collective members' paychecks such that they are denied a minimum wage. That determination is not the same for all the collective's members.

Plaintiff claims the involuntary $477.90 deduction from her final paycheck and the amount Defendants request is an FLSA violation. Contrast

---

[3] Defendants deducted $290.02 from Williamceau's final paycheck. (Doc. 138 at 6).

[4] Plaintiff uses PTO totaling $897.91 that Defendants credited toward her program fee in alleging an FLSA violation. The PTO amount is irrelevant because it is not treated as wages under the FLSA. *See Foster v. JHM Enters., Inc.*, No. 510CV405OC99TJCMCR, 2011 WL 13295747, at *3 (M.D. Fla. Jan. 21, 2011), *report and recommendation adopted*, 2011 WL 13295748 (Mar. 10, 2011) (noting "the FLSA does not consider vacation pay to be wages") (citation omitted); *see also Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 756–758 (3d Cir. 2023) (holding PTO deductions do not violate FLSA).

that with Kumetz, who paid the program fee voluntarily in full. Given Kumetz experienced no paycheck deduction, it is unclear how any of her paychecks fell below minimum wage. And while Hitchcock had a small portion of the program fee deducted from her paycheck, she voluntarily paid Defendants the remainder. Plaintiff made no voluntary payment. These differing circumstances provide Defendants with defenses for Kumetz and Hitchcock that would not apply to Plaintiff. *See Whineglass v. Smith*, No. 8:11-CV-2784-T-23TGW, 2013 WL 2237841, at \*9 (M.D. Fla. May 21, 2013) (decertifying action where a defense "is inapplicable to the other plaintiffs").

Williamceau's circumstances present a starker difference. Defendants credited his unused PTO to recoup almost his entire fee. Defendants could argue the non-PTO payments in his case cannot reduce his paycheck below the minimum wage. *See Foster*, 2011 WL 13295747, at \*3 (paid vacation time is not a "wage" under the FLSA). That defense is not available for Kumetz and Hitchcock's claims, which cuts against certification. *See Whineglass*, 2013 WL 2237841, at \*9. In sum, the merits of the collective's FLSA claims depend almost entirely on its members' personal circumstances.

Plaintiff's response is unavailing. She argues that "the specific ways in which the wages were withheld are not dispositive to the question of liability."[5]

---

[5] Plaintiff's reliance on *Morgan* and its progeny is misplaced. *Morgan* says where *the same* defense exists for multiple collective members, certification may still be appropriate. *See* 551

6

(Doc. 138 at 15).  That just begs the question.  Plaintiff assumes that the different actions Defendants took to recoup the program fee all constitute wage deprivation.  But Plaintiff cites nothing on point in support.  That is not enough to sustain her burden.  The Court finds the first and second factors support decertification.

The third factor of fairness and procedural considerations also supports decertification.  This factor "requires looking to the purposes of § 216(b) actions under the FLSA: (1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct."  *Morgan*, 551 F.3d at 1264 (citation omitted).  As discussed above, there are legal and factual issues not common amongst the collective.  So "judicial economy is not served in this circumstance because each plaintiff's claim[s] raise[] distinct factual and legal issues which would essentially evolve into four distinct trials."[6]  *Whineglass*, 2013 WL 2237841, at *10.  The Court finds the third factor supports decertification.

Accordingly, it is now

**ORDERED:**

---

F.3d at 1263 (noting fact-intensive inquiry into applicability of executive exemption defense for collective's members does not preclude certification).  Defendants may have *different* defenses for each of the collective's members, so this case is inapposite.

[6] Contrary to Plaintiff's assertions, this case does not revolve around "a single corporate decision."  *Morgan*, 551 F.3d at 1264.  Defendants' recoupment actions in this case are not uniform, even among the small number of individuals within the collective.  So litigating this case collectively does not achieve greater efficiency.

1. Defendants' Motion to Decertify the Collective Action (Doc. 137) is **GRANTED**.

2. Opt-in Plaintiffs Madison Hitchcock, Stephanie Kumetz, and Jimi Williamceau's FLSA claims are dismissed without prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida on January 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

8